UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

FILED
MAY 04 2005

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| KIMBERLY R. LINDBERG, as Conservator for TONI BACKLUND, a minor, | CIV 03-4097 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER ON MOTION TO DISMISS |
| -vs- | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff brings this lawsuit against the United States pursuant to the Federal Tort Claims Act ("FTCA"). 28 U.S.C. §§ 2671-2680. The United States moves to dismiss three allegations in the Complaint pursuant to Federal Rule of Civil Procedure 12(h)(3)[1] for lack of subject matter jurisdiction based on the discretionary function exception under the FTCA. 28 U.S.C. § 2680(a). For the reasons stated below, the Court will grant the motion in part and deny it in part.

BACKGROUND

Toni Backlund ("Backlund") is a minor who was enrolled at the Flandreau Indian School ("School") in Flandreau, South Dakota. Kimberly Lindberg ("Lindberg") has been appointed as conservator for Backlund. Lindberg alleges that the United States was negligent when Backlund was beaten by other students on her birthday. Lindberg contends that a tradition has developed and continued at the School whereby students are ritually "hazed," or whipped and beaten on their birthdays by their fellow students. In the Complaint, Lindberg asserts six separate allegations of negligence. The United States moves to dismiss the three allegations of negligence set forth in paragraphs 12(a), 12(b) and 12(f) of the Complaint. Lindberg does not contest dismissal of paragraph 12(b) regarding the alleged failure to properly train and supervise School employees. She agrees that such a claim is likely

---

[1] Rule 12(h)(3) states, "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

barred by the discretionary function exception. The following two allegations remain for the Court's consideration:

1. Failing to properly enact safety procedures or protocols to prevent the Flandreau Indian School's traditional birthday beating and hazing ritual, despite having knowledge that students are traditionally attacked, assaulted, beaten, and whipped with belts on their birthdays, a practice that has been occurring routinely and continuously for perhaps as long as twenty years;

2. Negligently hiring and retaining employees and other agents.

Complaint at §§ 12(a) and 12(f).

## DISCUSSION

Lindberg's negligence claims are governed by the FTCA. The FTCA waived the Federal Government's sovereign immunity for certain torts of federal employees acting within the scope of their employment. *See Audio Odyssey, Ltd. v. United States*, 255 F.3d 512, 516 (8th Cir. 2001).[2] The FTCA is a limited waiver of the United States' sovereign immunity. The FTCA allows claims:

> [1] against the United States, [2] for money damages, ... [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

*FDIC v. Meyer*, 510 U.S. 471, 477 (1994). The United States may be held liable under the FTCA if a plaintiff can establish that the United States, if a private person under like circumstances, would be liable to her in accordance with applicable state law. *See, e.g., Selland v. United States*, 966 F.2d 346, 347 (8th Cir. 1992) (per curiam) (holding that plaintiff failed to identify any tort duty under North Dakota law where plaintiff alleged FMHA's failure to release loan funds resulted in death of sheep).

---

[2]This Court sat on the Eighth Circuit panel by designation in the *Audio Odyssey* case, and authored the opinion.

2

The discretionary function exception to the FTCA's waiver of sovereign immunity prohibits government liability for "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). In ruling on a motion to dismiss for lack of subject matter jurisdiction based on the discretionary function exception, the Court must apply the two-part test articulated by the United States Supreme Court. This test was explained by the Eighth Circuit in *Audio Odyssey*:

> To determine whether an action by a government official was discretionary, we employ a two-part test defined by the Supreme Court in *Berkovitz v. United States*, 486 U.S. 531, 536-37, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988). First, we must determine if the "challenged governmental action [is] the product of 'judgment or choice.' " *Dykstra v. United States Bureau of Prisons*, 140 F.3d 791, 795 (8th Cir.1998) (internal citations omitted). To do this, we must determine whether the "statute, regulation, or policy mandates a specific course of action." *Id.* If there is a mandate there is no discretion. Second, if the government action is the product of judgment or choice, it must be "based on 'considerations of public policy.' " *Id.* This requires the Court to determine if the judgment is "grounded in social, economic or political policy." *Id.* When the policy allows government agents to exercise discretion, " 'it must be presumed that the agent's acts are grounded in policy when exercising that discretion.' " *Id.* at 795-96. This presumption may be rebutted. *Id.* at 796.

*Audio Odyssey*, 255 F.3d at 516-517. Before this Court can apply the two-part test to determine whether the discretionary function exception applies, it must first identify the "conduct at issue." *See Rosebush v. United States*, 119 F.3d 438, 441 (6th Cir. 1997) ("In deciding whether the complained of conduct was grounded in judgment or choice, the crucial first step is to determine exactly what conduct is at issue.").

In ruling on the United States' motion to dismiss for lack of subject matter jurisdiction, the Court must take all well pleaded allegations in the complaint as true, and should not dismiss the claims "unless it appears beyond a doubt that the plaintiffs cannot prove any facts in support of their claims which would entitled them to relief." *Satz v. ITT Financial Corp.*, 619 F.2d 738, 742 (8th Cir. 1980) (citations omitted). The record must be reviewed "in the light of the principle that all doubts on

3

jurisdictional points must be resolved in favor of plenary trial rather than dismissal at the pretrial stage." *Id.* (quoting *Miller v. Central Chinchilla Group, Inc.*, 494 F.2d 414, 417 (8th Cir. 1974)).

### A. Failing to Enact Safety Procedures

In Lindberg's brief, she contends that the conduct at issue in paragraph 12(a) of the Complaint is the School's failure to enact a policy regarding staffing requirements in the dormitories. Lindberg argues that this function was mandated by Chapter 25, Section 36.74 of the Code of Federal Regulations which requires that each dorm shall maintain minimum on-duty paraprofessional staff to student ratios. *See* 25 C.F.R. § 36.74(b). Lindberg contends that the School did not have a policy requiring compliance with the regulation, and the School did not maintain the minimum staff to student ratios. Defendant asserts that nothing in 25 C.F.R. § 36.74 requires the School to enact a policy implementing § 36.74 because § 36.74 sets forth the policy on its own. Lindberg is alleging, however, not only that the school did not have a policy, but that the lack of a policy resulted in a violation of the mandated staff to student ratios, further contributing to Backlund's beating.

The conduct at issue, then, is the School's compliance with 25 C.F.R. § 36.74 which mandates a specific course of conduct, *i.e.*, providing certain minimum staff to student ratios. If there is a mandate there is no discretion, and the discretionary function exception is inapplicable. The Court will not dismiss this allegation for lack of subject matter jurisdiction. *See, e.g., Miller v. Central Chinchilla Group, Inc.*, 494 F.2d 414 (8th Cir. 1974) (all doubts on jurisdictional points must be resolved in favor of a plenary trial rather than dismissal at pretrial stage); *cf. Bernie v. United States*, 712 F.2d 1271 (8th Cir. 1983) (reversing district court's dismissal of negligence allegation against physician because, even though the complaint failed to assert that physician was negligent, liberal construction of the complaint indicates that reference was made to a failure by the physician to properly evaluate plaintiff's condition).

### B. Negligent Hiring

Regarding the negligent hiring allegation in paragraph 12(f) of the Complaint, Lindberg asserts in her brief that the School failed to hire a dormitory manager as required by Chapter 25, Section 36.74 of the Code of Federal Regulations, which states in relevant part that "[e]very dormitory facility shall

4

be under the direct supervision of a dormitory manager." 25 C.F.R. § 3674(a). According to Lindberg, the mandatory staff to student ratios "slipped through the cracks" because there was no dorm manager, so the failure to hire a dorm manager contributed to Backlund's harm. Defendant argues that causes of action for negligent hiring require a hiring of an individual and an allegation that he or she should not have been hired for some reason. Thus, according to Defendant, Lindberg's assertion in her brief that the School failed to hire a dorm manager does not relate to the negligent hiring cause of action asserted in paragraph 12(f) of the Complaint.

Defendant's argument overlooks the fact that negligence may be active or passive; it may consist of either doing something negligently or negligently failing to act. *See, e.g., Dixon v. United States*, 296 F.2d 556 (8th Cir. 1961) (wrongful death complaint alleged death was caused by the negligent acts of omission and commission on the part of government employees such as failing to warn of dangerous condition, but there was no substantial evidence at trial showing that government employees knew about dangerous condition); *Roger v. Black Hills Speedway, Inc.*, 217 N.W.2d 14, 17 (S.D. 1974) ("An act of omission as well as one of commission on the part of a joint tortfeasor contributing to the injury may constitute active negligence. . . .") (citations omitted). The conduct at issue here is the School's failure to hire a dormitory manager in compliance with 25 C.F.R. § 3674(a). The regulation makes hiring a dorm manager mandatory, not discretionary, and precludes application of the discretionary function exception. It would be clearer if the Complaint referred to "negligent failure to hire" rather than "negligent hiring." Liberally construing the Complaint, however, and resolving all doubts about jurisdiction in favor of a trial rather than pretrial dismissal, the Court will not dismiss paragraph 12(f) of the Complaint for lack of subject matter jurisdiction. *See, e.g., Satz*, 619 F.2d 738, *Miller*, 494 F.2d 414; *Bernie*, 712 F.2d 1271. Accordingly,

IT IS ORDERED that the United States' Motion to Dismiss, doc 47, is granted as to the allegation in paragraph 12(b) of the Complaint, and denied as to the allegations in paragraphs 12(a) and 12(f) of the Complaint.

Dated this ____ day of May, 2005.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
Chief Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: *Shelly Margulies*
(SEAL)   DEPUTY

6